UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05810-SVW-SP | Date | September 21, 2021 |
|---|---|---|---|
| Title | *Melody Biglay v. Hacienda C.H., Inc.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [15] AND DENYING AS MOOT DEFENDANTS MOTION TO DISMISS [10].

Before the Court are two motions: Defendants' motion to dismiss and Plaintiffs' motion to remand to state court. ECF Nos. 10, 15. The Court finds that these motions are suitable for disposition without oral argument. *See* L.R. 7-15. For the below reasons, the motion remand to GRANTED, and the motion to dismiss is DENIED as moot.

## I. Background
### A. Factual and Procedural Background

Plaintiffs, the surviving children and successors in interest to Decedent Bonnie Lee, filed a complaint against Defendants, owners and operators of the skilled nursing facility Broadway by the Sea, where Decedent lived prior to her death. Req. Judicial Notice, Ex. A ("Compl.") ¶¶ 1-3, ECF No. 3-1.[1]

---

[1] Defendants request that the Court take judicial notice of dozens of documents,. Courts may judicially notice facts that are not subject to reasonable dispute that can "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes court filings and other matters of public record. See *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, the Court grants the request for judicial notice as to the following, which are matters of public record: Exhibits A-G, CC, and DD. Req. Judicial Notice, ECF No. 3. The Court does not rely on the other documents in reaching this ruling and denies the request as to those exhibits.

The Court also notes that the removal statute requires filing all pleadings in the state action "*together with*" a defendant's notice of removal. 28 U.S.C. § 1446(a). Thus, the Complaint here should have been filed with the notice of removal, not attached with thirty other documents in Defendants' standalone request for judicial notice. *See id.*

: _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05810-SVW-SP | Date | September 21, 2021 |
|---|---|---|---|
| Title | *Melody Biglay v. Hacienda C.H., Inc.* | | |

In March of 2020, Decedent was admitted to Broadway by the Sea. *Id.* ¶ 14. In late April of 2020, Decedent was transferred to a hospital after testing positive for COVID-19, where she remained for one month. *Id.* ¶¶ 17-19. After being discharged back to Broadway by the Sea, Decedent required the use of a "BiPAP machine" to assist her breathing. *Id.* ¶ 20.

Plaintiffs allege that the BiPAP machine provided at Broadway by the Sea was defective and missing parts and that even after Plaintiffs notified the staff about the defect, the staff did nothing to fix or replace the machine. *Id.* ¶¶ 20-21.

Further, Plaintiffs allege that while visiting Broadway by the Sea on June 4, 2020, they saw Decedent having difficulty breathing. *Id.* ¶ 23. Plaintiffs tried to request medical assistance from staff, and Decedent herself pressed her "call" button, but no staff member responded for approximately 15 minutes. *Id.* ¶¶ 23-26. During that time, Plaintiff Melody Biglay also called 911. *Id.* ¶ 25. By the time a staff member arrived, Decedent's breathing difficulties had progressed to the point where she was unable to speak, however Plaintiffs allege that staff did not attempt any emergency assistance. *Id.* ¶ 27. Paramedics arrived shortly thereafter and took Decedent to the hospital, where she died a few hours later. *Id.* ¶ 30.

In June of 2021, Plaintiffs filed a complaint in California state court asserting several state law claims relating to Decedent's care at Broadway by the Sea and her death. *Id.* ¶¶ 1-3. Defendants later removed the action to this Court, Notice Removal, ECF No. 1, arguing that there is federal jurisdiction because (1) Plaintiffs' claims implicate embedded federal questions; (2) the Public Readiness and Emergency Preparedness Act ("PREP Act") completely preempts Plaintiffs' claims; and (3) Defendants qualify as persons "acting under" federal officers within the federal officer removal statute. *Id.* ¶¶ 41, 73, 80.

Defendants now seek dismissal based on the immunity purportedly conferred by the PREP Act, Mot. Dismiss 1, ECF No. 10, while Plaintiffs seek remand to state court. Mot. Remand, ECF No. 15.[2]

---

[2] Plaintiffs seek remand primarily by contending that the PREP Act does not apply to their claims. However, as discussed below, the Court finds Defendants' arguments invoking federal jurisdiction to be unavailing for other reasons. Accordingly,

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05810-SVW-SP | Date | September 21, 2021 |
|---|---|---|---|
| Title | *Melody Biglay v. Hacienda C.H., Inc.* | | |

### B. Legal Background

The PREP Act, passed in 2005, is invoked when the Secretary of the Department of Health and Human Services ("HHS") issues a declaration determining that a disease or other health condition constitutes an ongoing public health emergency. 42 U.S.C. § 247d-6d(b). The Secretary may then make a declaration, "recommending ... the manufacture, testing, development, distribution, administration, or use of one or more covered countermeasures." *Id.* The Secretary issued a declaration for the ongoing COVID-19 pandemic on March 10, 2020, and has issued several subsequent amendments thereto. *See* Req. Judicial Notice ("RJN"), Ex. 2-5.

Once invoked, the PREP Act provides that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1). "Covered countermeasures" under the PREP Act include drugs, biological products, or devices that are designed to diagnose, mitigate, prevent, or treat harm from the public health emergency. *Id.* §§ 247d-6d(i)(1), (7). The immunity afforded by the PREP Act is broad. It applies to "any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure." *Id.* § 247d-6d(a)(2)(B).

When its provisions are in effect, the PREP Act preempts state laws that create different standards regarding covered countermeasures. No state or locality may establish or enforce any legal requirement that is different from the PREP Act's provisions or relates to the use or administration of covered countermeasures. 42 U.S.C. § 247d-6d(b)(8).

## II. Discussion

Federal courts operate under the presumption that they do not have jurisdiction over state-law causes of action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "The defendant bears the burden of establishing that removal is proper" and removal statutes are "strictly construed

---

the Court expresses no opinion on Plaintiffs' contention that the PREP Act does not apply to their claims.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05810-SVW-SP | Date | September 21, 2021 |
|---|---|---|---|

| Title | *Melody Biglay v. Hacienda C.H., Inc.* | | |
|---|---|---|---|

against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal.").

Defendants offer three reasons that federal jurisdiction exists here: (1) Plaintiff's claims raise embedded federal issues; (2) the PREP Act is a complete preemption statute; and (3) the federal officer removal statute applies. Notice Removal ¶¶ 41, 73, 80. These same arguments have been almost uniformly rejected in dozens of cases in this district to have considered the issue. For largely the same reasons, the Court also rejects them here and concludes that there is no basis for federal jurisdiction.

**A. Embedded Federal Issues**

The presence of federal question jurisdiction is generally governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This rule makes a plaintiff the master of his complaint: it allows him to avoid federal jurisdiction by relying exclusively on state law. It is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 13-14 (1983).

However, under *Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g.*, 545 U.S. 308 (2005), even claims pled as violations of state law claims can invoke federal question jurisdiction if they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

Defendants contend that federal question jurisdiction exists because Plaintiffs' claims raise a "substantial federal issue" – the extent to which immunity afforded under the PREP Act applies to Defendants' conduct. Notice Removal ¶ 73. Defendant points to the HHS Secretary's Fourth Amended Declaration, *see id.* ¶ 74-75, which characterizes COVID-19 as a global challenge that requires a whole-

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05810-SVW-SP | Date | September 21, 2021 |
|---|---|---|---|
| Title | *Melody Biglay v. Hacienda C.H., Inc.* | | |

of-nation response and implicates substantial federal legal and policy issues within the meaning of *Grable*. RJN, Ex. E, at 9, ECF No. 3-5.

However, the federal issue raised by Defendants – PREP Act immunity – relates to a *defense*, rather than the claims Plaintiffs allege. "As such, the federal issue is not necessarily raised." *Stone v. Long Beach Healthcare Ctr., LLC*, 2021 WL 1163572, at *7 (C.D. Cal. Mar. 26, 2021); *see also Padilla v. Brookfield Healthcare Ctr.*, 2021 WL 1549689, at *6 (C.D. Cal. Apr. 19, 2021); ("immunity under the PREP Act is a defense, not a necessary aspect of Plaintiffs' state law claims"); *Thomas v. Century Villa Inc.*, 2021 WL 2400970, at *6 (C.D. Cal. June 10, 2021) ("the PREP Act merely provides [Defendant] with a potential affirmative defense to Plaintiffs' claims" and therefore does not confer federal question jurisdiction). Defendants cannot remove this action to federal court based on a federal defense, including the defense of preemption. *See Franchise Tax Bd.*, 463 U.S. at 13-14.

This conclusion is not changed by the statements made by HHS. As many other courts in this district have concluded, HHS declarations and advisory opinions are not final agency interpretations entitled to any deference, nor are they particularly persuasive, given their conclusory invocation of *Grable* without providing any legal support or analysis. *See* RJN, Ex. E, at 9; *see also, e.g., Estate of McCalebb v. AG Lynwood, LLC,* 2021 WL 911951, *3 (C.D. Cal. Mar. 1, 2021) ("Neither the Secretary nor the OGC provides any significant analysis of *Grable*'s narrow holding and its two-pronged test. Deference to the Secretary's jurisdictional assertion is not due, and adherence to his conclusory assertion is not warranted."); *Thomas*, 2021 WL 2400970, at *6 (concluding same); *Acra v. Cal. Magnolia Convalescent Hosp., Inc.*, 2021 WL 2769041, at *7 (C.D. Cal. July 1, 2021) (same); *Estate of Heim v. 1495 Cameron Avenue, LLC*, 2021 WL 3630374, at *4, n. 2 (C.D. Cal. Aug. 17, 2021) (same).

Thus, Plaintiffs' claims do not raise an embedded federal issue that would support jurisdiction.

B. **Complete Preemption**

The doctrine of "complete preemption" is a narrow exception to the well-pleaded complaint rule. The United States Supreme Court has concluded that the preemptive force of some federal statutes is so strong that they "completely pre-empt" an area of state law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). When complete preemption applies, the state-law nature of the plaintiff's claim is

: _____

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05810-SVW-SP | Date | September 21, 2021 |
|---|---|---|---|
| Title | *Melody Biglay v. Hacienda C.H., Inc.* | | |

"displace[d]" and the claim is considered "purely a creature of federal law." *Franchise Tax Bd., 463 U.S.* at 23-24.

Complete preemption is rare. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). The Supreme Court has identified only three statutes that completely preempt state law. *City of Oakland v. BP PLC*, 969 F.3d 895, 905-06 (9th Cir. 2020). The Ninth Circuit has prescribed a two-part test: complete preemption "exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *City of Oakland*, 969 F.3d at 906.

Defendants argue that the PREP Act completely preempts Plaintiffs' claims, all of which are state law causes of action. See Notice Removal ¶ 41. The Court concludes that the PREP Act is not among those few federal statutes that completely preempt state law.

First, nothing suggests that Congress intended the PREP Act to displace state law claims. At its core, the PREP Act is an immunity statute – Congress intended to provide a *defense* for those covered by its provisions from state law claims, but that does not imply that Congress intended to convert those claims into federal ones and bar them from being heard in state court in the first place. *See Estate of Jenkins v. Beverly Hills Senior Care Facility, Inc.*, 2021 WL 3563545, *4 (C.D. Cal. Aug. 12, 2021); *Heim*, 2021 WL 3630374 at *4.

Second, the PREP Act does not provide a substitute cause of action. Complete preemption "rests on the theory that any state claim within its reach is transformed into a federal claim". *McCalebb,* 2021 WL 911951 at*4 (cleaned up) (internal quotations and citations omitted). Thus, the substitute cause of action must be a federal one capable of being pursued in a federal forum. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1245-46 (9th Cir. 2009). Yet, other than a narrow exception for willful misconduct, the PREP Act provides only an administrative claims procedure that is not subject to judicial review. 42 U.S.C. §§ 247d-6e(b)(5)(C). Complete preemption is a doctrine of *federal jurisdiction* – thus it logically cannot be triggered by a substitute procedure that explicitly prohibits the very exercise of federal jurisdiction. *See McCalebb* 2021 WL 911951 at *4.

Defendants rely on two authorities in support of their argument for complete preemption. First, Defendants point to the HHS Office of the General Counsel's January 8, 2021 Advisory Opinion, *see*

Initials of Preparer : PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-05810-SVW-SP | Date | September 21, 2021 |
| Title | *Melody Biglay v. Hacienda C.H., Inc.* | | |

Notice Removal ¶ 53, which posits that the PREP Act is a complete preemption statute. RJN, Ex. DD, at 3, ECF No. 3-29. However, for the same reasons discussed above, *see* Section II.A, *supra*, this advisory opinion is not entitled to any doctrine of deference, nor is it persuasive because of its lack of legal support for its conclusion. *See also, e.g., Padilla*, 2021 WL 1549689, at *4-5; *Acra*, 2021 WL 2769041 at *5; Stone, 2021 WL 1163572, at *6.

Second, Defendants highlight *Garcia v. Welltower OpCo Grp. LLC*, *see* Notice Removal ¶ 48, in which the court concluded that the PREP Act completely preempts state law. 2021 WL 492581, at *7 (C.D. Cal. Feb. 10, 2021). However, *Garcia* deferred to the HHS Office of General Counsel's January 8, 2021 Advisory Opinion, while failing to analyze the issue under the Ninth Circuit's two-part test for complete preemption. *Id.* at *5-7. Indeed, virtually every other case in this district – including many decided after *Garcia* – have held that the PREP Act does *not* completely preempt state law.[3] Accordingly, the Court declines to follow *Garcia* and instead adheres to the great weight of authority within the Central District.

Therefore, the Court concludes that the PREP Act is not a complete preemption statute.

### C. Federal Officer Removal

Title 28 U.S.C. § 1442(a)(1) provides for the removal to federal court of state court actions against "[t]he United States or any agency thereof or any officer (or any person acting under that officer)." While the grounds for removal ordinarily must be evident from the face of the plaintiff's well-pleaded complaint, under § 1442, cases can be removed on the basis of a "colorable federal defense."

---

[3] Cases after Garcia include*: Estate of Heim v. 1495 Cameron Avenue, LLC*, 2021 WL 3630374, at *4 (C.D. Cal. Aug. 17, 2021); *Swick v. Canoga Healthcare, Inc.*, 2021 WL 3418817, at *3 (C.D. Cal. Aug. 5, 2021); *Estate of Serrano v. San Antonio Acute LLC*, 2021 WL 3777158, at *2 (C.D. Cal. July 21, 2021); *Acra v. Cal. Magnolia Convalescent Hosp., Inc.*, 2021 WL 2769041, at *5-6 (C.D. Cal. July 1, 2021); *Thomas v. Century Villa Inc.*, 2021 WL 2400970, at *7 (C.D. Cal. June 10, 2021); *Golbad v. GHC of Canoga Park*, 2021 WL 1753624, at *3 (C.D. Cal. May 4, 2021); *Padilla v. Brookfield Healthcare Ctr.*, 2021 WL 1549689, at *6 (C.D. Cal. Apr. 19, 2021); *Winn v. California Post Acute LLC*, 2021 WL 1292507, at *5 (C.D. Cal. Apr. 6, 2021); *Nava v. Parkwest Rehab. Ctr. LLC*, 2021 WL 1253577, at *4 (C.D. Cal. Apr. 5, 2021); *Stone v. Long Beach Healthcare Ctr., LLC*, 2021 WL 1163572, at *8 (C.D. Cal. Mar. 26, 2021); *Smith v. Colonial Care Ctr., Inc.*, 2021 WL 1087284, at *9 (C.D. Cal. Mar. 19, 2021); *Estate of McCalebb v. AG Lynwood, LLC*, 2021 WL 911951, at *6 (C.D. Cal. Mar. 1, 2021).

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05810-SVW-SP | Date | September 21, 2021 |
|---|---|---|---|
| Title | *Melody Biglay v. Hacienda C.H., Inc.* | | |

*Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999).

Even private parties can exercise federal officer removal when they can show that they were a "person acting under" a federal officer. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) To do so, a party must demonstrate that "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Id.*

Defendants argue that it was acting at the specific direction of federal authorities to address the on-going federal effort and national state of emergency to contain the COVID-19 pandemic and prevent the spread of the virus. Notice Removal, ¶¶ 83-91. Defendants asserts they acted pursuant to "very detailed clinical directions and instructions provided by various government agencies." *Id.* ¶ 91.

However, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'" *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147, 153 (2007). "And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* at 153. Thus, as many other courts have concluded, Defendants merely complying with the government's directives during the pandemic – even if those directives were comprehensive and detailed – does not mean that they were "acting under" a federal officer within the meaning of 28 U.S.C. § 1442(a)(1). *See, e.g., Jenkins*, 2021 WL 3563545, at *6; *Acra, 2021 WL 2769041*, at *7; *Thomas*, 2021 WL 2400970, at *7; *McCalebb*, 2021 WL 911951, at *6-7; *Golbad v. GHC of Canoga Park*, 2021 WL 1753624, at *2 (C.D. Cal. May 4, 2021); *Smith v. Colonial Care Ctr., Inc.*, 2021 WL 1087284, at *8 (C.D. Cal. Mar. 19, 2021).

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED; Defendants' motion to dismiss is DENIED as moot.

**IT IS SO ORDERED.**

: 

Initials of Preparer

PMC